IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES N. PHILLIPS, Surviving Spouse of FANNIE JO PHILLIPS and JAMES N. PHILLIPS, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:06-cv-1033 |
| VS. | ) ) | |
| RANDY LEE ADAMS and MARY LEE ADAMS, | ) ) ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

James N. Phillips, individually and on behalf of the decedent, filed this tort action against Randy Lee Adams and Mary Adams on February 7, 2006. The face of Phillips' complaint alleges that:

> 1. . . . Phillips[] is a . . . citizen of Tennessee . . . .
>
> 2. . . . Randy Lee Adams and Mary Adams[] are . . . citizens of Tennessee . . . .
>
> . . . .
>
> 4. [And] [t]he . . . cause of action arises in tort under and by virtue of the common law and statutory laws of the State of Tennessee.

The complaint further alleges that this exclusively state law controversy between three citizens of a single state is within the judicial power of the United States pursuant to a state procedural statute, see TENN. CODE ANN. § 20-1-119(a)(2). The state statute provides that,

"[i]n civil actions where comparative fault is or becomes an issue, if a defendant . . . alleges in an answer . . . [that a non-party is comparatively at fault for the plaintiff's alleged injuries], the plaintiff may . . . [institute a separate action against the non-party]." Id. (Lexis 2005). Phillips is the plaintiff in another case in this judicial district, see *Phillips, et. al. v. DaimlerChrysler, Corp., et. al.*, No. 1:05-CV-1349 (W.D. Tenn.) (Breen, J.), and he alleges in the case at bar that the defendants in the *Daimler Chrysler* litigation have accused the Adams's of comparative fault for Phillips' injuries. Accordingly, Phillips believes, section 20-1-119 of the Tennessee Code Annotated authorizes the commencement of this separate federal lawsuit against the Adams's.

The power of a federal court to adjudicate a case or controversy is defined and limited by the *Federal* Constitution and by *federal* laws. See, e.g., *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606–07 (CA6 1998) (citing *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994); *O'Melveney & Meyers v. FDIC*, 512 U.S. 79, 90 (1994) (STEVENS, J., concurring)). This principle is so fundamental that " 'it is to be presumed that a cause lies outside this limited [federal] jurisdiction.'" Id. at 606 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). Therefore, "[q]uite apart from whether the parties raise jurisdictional issues themselves[,]" this court has "an independent obligation to investigate and police the boundaries of [its] own jurisdiction" in every case. Id. at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (CA11 1997) (citing *Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 199 (CA7 1993))).

A determination of that threshold issue here leads to the very straightforward

conclusion that Phillips' "separate" state law claim against the Adams's is not a case subject to this court's original statutory diversity jurisdiction, see 28 U.S.C. § 1332 (Lexis 2006); and, more important, the case is not even subject to the Article III power of the federal judicial branch, see U.S. CONST., Article III, section 2 (delineating the cases to which the "judicial power shall extend"); *Douglas, supra*, at 607.

Because it is plain from the face of the complaint that this court does not have subject matter jurisdiction, this case is **DISMISSED** without prejudice.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE